IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SANDRA ORTIZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-10-mc-0156 |
| | § | |
| PATRICIA DECOURD HILLARD, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

**I.   Background**

The plaintiff, Sandra Ortiz, filed an eviction suit in the Justice Court of Precinct 2, Position 2, in Harris County, Texas. Ortiz alleged in her petition that she owned property leased to the defendant, Patricia Decourd Hillard. Ortiz alleged that Hillard had leased an apartment from her and had violated the lease, causing damage to the premises. Ortiz alleged that she had given Hillard notice to vacate the premises and that she had failed to do so. Hillard filed a notice of removal to federal court under 28 U.S.C. § 1446(a). In the notice of removal, Hillard alleged that the eviction was unlawful under the Federal Fair Housing Act, 42 U.S.C. § 3604, the Fourth Amendment, and the Fourteenth Amendment, and was "another example of how African-Americans are routinely faced with racism and deprived of safe and clean housing and denied equal protection similar to other citizens of this Country." (Docket Entry No. 1-1 at 2). Hillard also alleged in the notice of removal that she had complained about the property to the Harris County Housing Authority and that in retaliation, Ortiz had "illegally invaded" her home. Hillard alleged that Ortiz made a false complaint of assault against her and that as a result, police officers arrested her. Hillard alleged that

Ortiz had falsely reported her to the Houston Housing Authority for drug or other illegal activities and that as a result, her rent – provided since she had left New Orleans after Hurricane Katrina – was terminated. Hillard alleged that the federal court had federal question jurisdiction and sought an injunction against the eviction. (*Id.* at 6). The plaintiff timely moved to remand under § 1447(c), asserting that there is no federal question removal jurisdiction under the well-pleaded complaint rule. (Docket Entry No. 2).

## II.    Analysis

Federal district courts have original jurisdiction over "all civil action arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 n.6, 107 S. Ct. 2425 (1987). Generally, defendants sued in state court may remove the action to federal court if the federal district court has original jurisdiction over the matter. 28 U.S.C. § 1441; *Caterpillar*, 482 U.S. at 392, 107 S. Ct. 2425. A court generally looks only at the plaintiff's well-pleaded complaint to determine if a claim arises under federal law. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10, 103 S. Ct. 2841 (1983).

As a corollary to the well-pleaded complaint rule, when Congress so completely preempts a particular area of law, any civil complaint raising a state claim in that area of law is necessarily federal in character. *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 63, 107 S. Ct. 1542 (1987). The federal preemption corollary is very narrow and state law that merely relates to an area of federal legislation does not necessarily create a federal cause of action. The Fifth Circuit has articulated a three prong test for determining whether federal law has completely preempted state law: (1) the federal statute must contain a civil enforcement provision creating a cause of action that replaces and protects an analogous area of state law, (2) the statute must include a specific jurisdictional grant to federal

courts for enforcement of the right, and (3) there must be clear congressional intent that claims brought under federal law are removable. *Aaron v. Nat'l Union Fire Ins. Co.*, 876 F.2d 1157 (5th Cir. 1989). The Supreme Court has found only two federal statutes to have completely preempted an area of state law, Section 301 of the Labor Management Relations Act, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 88 S. Ct. 1235 (1968), and Section 502 of the Employment Retirement Income and Security Act, *Metro. Life*, 481 U.S. at 67, 107 S. Ct. 1542.

The party seeking to remove the action to federal court has the burden of establishing that the district court has original jurisdiction. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Removal statutes should be narrowly construed because federal courts are courts of limited jurisdiction and because removal of a case raises significant federalism concerns. If the complaint relies only on state law, the district court generally lacks subject-matter jurisdiction, and the action is not removable. Generally, a state law claim cannot be recharacterized as a federal claim for the purpose of removal. Similarly, a case may not be removed to federal court on the basis of a federal defense, even when both parties concede that the federal defense is the only real question at issue. *Caterpillar*, 482 U.S. at 393, 107 S. Ct. 2425. A defendant has no inherent right to a federal forum for adjudication of federal rights absent exclusive federal jurisdiction. *Franchise Tax Bd.*, 463 U.S. at 10, 103 S. Ct. 2841.

Ortiz's well-pleaded complaint does not contain any question of federal law. Landlord-tenant disputes and eviction actions are typically state law claims. *The Home Loan Cntr. v. Thompkins*, No. 06-10379, 2006 WL 335707, at *2 (E.D. Mich. Feb.14, 2006); *United Mut. Houses, L.P. v. Andujar*, 230 F. Supp.2d 349, 354 (S.D.N.Y.2002) (noting it is well established that the landlord-tenant relationship is fundamentally a matter of state law and that federal courts appropriately abstain from

adjudicating those actions as they involve complex questions of state law).

Neither Hillard's federally based defenses nor her use of § 1441 can serve as the basis for removal. No court has held the FHA has preempted state law sufficient to justify removal. *See* 14B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, § 3722.1 at 543-553. Hillard has not established that Congress intended the FHA to preempt the landlord-tenant relationship traditionally governed by state law. The defendant did not identify 28 U.S.C. § 1443 as a basis for removal. Under that statute, defendants may remove civil and criminal actions to federal court when they cannot enforce their civil rights claims in state court. Unlike under section 1441, when an action is removed under section 1443, a court looks to the civil rights claims of the defendant rather than the plaintiff's complaint for the basis for removal. *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). The United States Supreme Court has developed a two step test to determine whether removal may be proper under this statute. *See Johnson v. Mississippi*, 421 U.S. 213, 95 S. Ct. 1591 (1975); *City of Greenwood v. Peacock*, 384 U.S. 808, 86 S. Ct. 1800 (1966); *Georgia v. Rachel*, 384 U.S. 780, 86 S. Ct. 1783 (1966)). First, the defendant must establish the existence of a federal law that provides for a specific civil right stated in terms of racial equality; second, the defendant must show that he or she is unable or will be denied the opportunity to enforce the right in state court. *Johnson,* 421 U.S. at 219, 95 S. Ct. 1591; *Conrad,* 871 F.2d at 614-615. Removal is warranted under the second prong only when the "rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *Peacock*, 384 U.S. at 828, 86 S. Ct. 1800. The second prong normally requires that the denial of a defendant's civil rights occurs under a formal expression of state law, such as a statute or constitutional provision. *Johnson,*

421 U.S. at 219, 95 S. Ct. 1591. In the absence of any such discriminatory state enactment, a defendant must show an equivalent basis for the firm prediction that she would be denied or could not enforce the specified federal right in state court. *Rachel*, 384 U.S. at 804, 86 S. Ct. 1783. Even if Hillard had cited section 1443 as a basis for removal, under these precedents, it would not be sufficient to establish this court's jurisdiction.

This case is remanded to the Justice Court of Precinct 2, Position 2, Harris County, Texas. The application to proceed *in forma pauperis* is moot.

SIGNED on June 1, 2010, at Houston, Texas.

                              Lee H. Rosenthal
                              United States District Judge